IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 4:23-CR-93 |
| | : | |
| v. | : | (Chief Judge Brann) |
| | : | |
| ROBERT A. KOHL | : | (Electronically Filed) |

**DEFENDANT'S SENTENCING MEMORANDUM**

I.   **INTRODUCTION**

Robert A. Kohl, by and through his counsel, Helen A. Stolinas, submits this presentence memorandum in advance of sentencing on March 7, 2025. On September 11, 2024, Mr. Kohl appeared before this Court and entered a guilty plea to the offense of Production of Child Pornography under 18 USC § 2251(a) and (e). A presentence report has been prepared by the United States Probation office.

II.   **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The facts of the offense are not in dispute as set forth in the presentence report. Mr. Kohl has also been charged in Northumberland County, Pennsylvania with 1000 counts of Possession of Child Pornography related to this offense. As of the time of drafting this memorandum, these charges remain pending but it is anticipated that they will be dismissed after the federal

1

sentencing in this case. Mr. Kohl has been incarcerated since January 5, 2023 pursuant to the Northumberland County case. He has been detained in this matter since April 20, 2023, the date of his initial appearance in this matter.

Mr. Kohl is 50 years of age. He has had a decent work history, enrolling in the United States Army Reserves from 1992 through 2001, when he was honorably discharged. He worked as a prison guard in Northumberland County for approximately five years and held employment as a truck driver thereafter.

### III. THE APPLICABLE GUIDELINE RANGE

As reported by the United States Probation Office in the Presentence Report, the guideline range is 292 to 365 months resulting from a criminal history category of I and a total offense level of 40, which reflects a reduction of 3 levels for acceptance of responsibility.

### IV. A downward variance is warranted to justify a sentence of 180 months imprisonment

The nature and circumstances of the offense have been discussed above and in the PSR. The Court must also consider the history and characteristics of the defendant. 18 USCS 3553(a)(1).

Mr. Kohl is 50 years of age. He maintained a good work history for several years, including service to our country by enrolling in the United States Army Reserves from 1992 through 2001, when he was honorably discharged.

He continued working in a public service role as a prison guard in Northumberland County for approximately five years. He left the prison to earn a CDL and has been employed as a truck driver as well. He also served as a volunteer for his local fire department.

Due to his age and prior status as a prison guard, Mr. Kohl is a vulnerable inmate. He has already experienced an attack by an individual who sprayed hand sanitizer in his eyes and his vision is compromised. He will not be seen by an eye doctor until at least March 18, 2025 per Northumberland County jail officials. There is a concern that during his incarceration he will suffer similar attacks given his vulnerability.

The Court must also consider the purposes of the sentence imposed: the seriousness of the offense, protection of the public, just punishment and deterrence, and the effective manner of correctional treatment. 18 USCS 3553 (a)(2). A mandatory minimum sentence of fifteen years addresses these sentencing factors. Such a sentence would mean that Mr. Kohl would be incarcerated into his 6th decade of life, and he would also be placed on supervised release for several years or even the rest of his life.

A sentence of fifteen years reflects the very serious offense to which Mr. Kohl has admitted. It is a substantial sentence which provides a just punishment considering both the seriousness of his offense and his lack of a prior record.

A fifteen-year period of incarceration affords both specific and general deterrence in this matter. Specific deterrence in that Mr. Kohl will not have access to minors or access to pornographic materials for an extended period of time. After his period of confinement, he will be deterred through the intense supervision provided during supervised release. A sentence of fifteen years imprisonment is also sufficiently lengthy to provide general deterrence to members of the public from committing this type of criminal activity.

Given Mr. Kohl's age and lack of a criminal record, the mandatory minimum sentence would serve the needs of protection of the public from further crimes, particularly since he will be subject to supervised release upon completion of his incarceration. It is anticipated that the conditions of this release will be sufficiently strict to prevent him from contact with minors, to require sex offender counseling, and to monitor his use of electronic devices.

Mr. Kohl is willing and eager to participate in treatment for offenders who have committed sex related crimes. He is seeking placement in a facility which provides sex offender treatment programs are offered.  He will also be subject to supervised release, SORNA registration and continued counseling upon his release.

The kinds of sentences available are also pertinent to the Court's decision. The defendant is not eligible for probation, and there is a fifteen year minimum sentence of incarceration attendant to this offense, followed by at least five years of supervised release up to a maximum of a lifetime of supervised release.

The Defendant anticipates that related charges in Northumberland County will be dismissed following the sentencing in this matter. However, in the event the charges are not dismissed, this Court should direct that this sentence be served concurrently with any sentence imposed by Northumberland County related to the conduct in the instant case pursuant to USSG §5G1.3(b).

The court also must consider the need to provide restitution to the victims. 18 USCS 3553(a)(7). Given Mr. Kohl's age, a sentence within the guidelines makes it extremely unlikely that he will be able to obtain gainful employment upon his release from incarceration or to fulfill any restitution ordered on behalf of the victims in this case. However, a sentence of the mandatory minimum followed by a lengthier period of supervised release may allow for a period of employment upon his release so he could make some amount of restitution to the victims.

**V. Restitution**

The presentence report reflects a total restitution request of $52,500 from specific victims whose images were found on Mr. Kohl's electronic devices.

These restitution requests range from $5000 to $10,000 each. Also attached to the presentence report are various requests for restitution from counsel for the victims of the defendant's conduct. Pursuant to 18 U.S.C. § 2259(c)(1) and (c)(2), the court must first to determine the full amount of a victim's losses and determine a restitution amount which reflects the defendant's role in the causal process that underlies the victim's losses, but no less than $3000.

    The Supreme Court's decision in *Paroline v. United States*, 572 U.S. 434, 459, (2014) sets forth factors that a district court may follow when setting the amount of restitution: " the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved; whether the defendant distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role."

    The defendant in this matter alleges that insufficient information is presented to establish the causal connection of the defendant's role in the victims' losses in these cases. The allegations for which the victims are seeking restitution involve Mr. Kohl having possession of images on his electronic devices. There is no

specification of how many images involving each victim were found on his devices. For the restitution requests noted in the PSR, Mr. Kohl is not alleged to have participated in the production of those images, nor has he been accused of distributing them. While there is a recognition that the viewing of exploitative materials is harmful to the victims and can lead to an order of restitution under the law, the Court must also consider the causal connection between the defendant's possession of the images and the victims' losses.

Having established that Mr. Kohl did not participate in the production or distribution of these images with respect to any of the victims seeking restitution, the remaining *Paroline* factors must be considered with respect to each individual victim seeking restitution and the documentation of their losses.

1. **Angela**- the documents provided establish a speculative loss exceeding $1.6 million dollars owing to a stated need for lifetime treatment and reduced earning capacity as a result of Angela's victimization. The information does not note the broader number of offenders involved and whether any have already contributed to her losses. The Court should deny the restitution request in this matter, or in the alternative, order the minimum amount of $3000.

2. **Aprilblonde**- the documents provided speculate a loss of over $2 million dollars owing primarily to lost earning capacity. No information is

provided regarding the number of offenders involved or prior payments to compensate her losses. The Court should deny the restitution request in this matter, or in the alternative, order the minimum amount of $3000.

   3. **Jane**- this request notes speculative total losses of over $7 million dollars (over $10 million including attorneys fees). These amounts are speculative and are based on reports from 2014 and 2015. A note provided as of 12/31/22 indicates that $256,534.76 (inclusive of attorney's fees and costs) was received. There is no indication in the amount of restitution paid in the years 2023-2024. The Court should deny the restitution request, or in the alternative, order the minimum amount of $3000.

   4. **Jen**- This request speculates that the victim will require twenty years of therapy at a cost of $192,0000 and will have total losses of over $340,000, exclusive of attorney's fees. There is no indication of restitution collected from other offenders. The Court should deny the restitution request, or in the alternative, order the minimum amount of $3000.

   5. **Skylar**- the estimated loss totals over $180,000 for medical needs. Again, this request is speculative as it considers that she may need 400-700 sessions of therapy from reports dated in 2017. This report does

indicate that there have been 307 prior restitution orders, and that 187 offenders have made some payment. It does not indicate how much they have been ordered to pay or how much she has received. The Court should deny the restitution request, or in the alternative, order the minimum amount of $3000.

6. **Jenny**- Loss of nearly $9 million, inclusive of attorney fees is estimated. These losses contemplate reduced earning capacity and the need for ongoing treatment. As of 12/31/22, she had received $832,048 but there is no report of any payments she has received since that date. The Court should deny the restitution request, or in the alternative, order the minimum amount of $3000.

7. **Pia**- Total lifetime treatment costs are projected at $262,000 to $299,000. These are speculated costs related to counseling sessions, medication, transportation, vocational guidance, and attendance at survivors' conferences. Additionally, the estimate of reduced earning capacity is $800,000 to $1.4 million. There is no indication as to whether she has received payment or how many offenders have been ordered to make payment. The Court should deny the restitution request, or in the alternative, order the minimum amount of $3000.

8. **Jan_Socks1**- the total loss in this matter is noted at $51,000 per year for costs related to court appointed professionals. Collection of such costs is does not result in funds being paid to the victim or compensation for her losses. The Court should deny the restitution request.

A. CONCLUSION

Based on the circumstances and the factors discussed herein, Mr. Kohl requests the mandatory minimum sentence of fifteen years.

Respectfully submitted,

s/Helen A. Stolinas
Helen A. Stolinas
Pa ID # 66738
2790 W. College Ave., Suite 800
State College, PA 16801
Phone: (814) 237-6255
Fax: (814) 237-5752
Email: stolinas@mazzalaw.com

## CERTIFICATE OF SERVICE

I, Helen A. Stolinas, Esquire, do hereby certify that this document, the foregoing **Presentence Memorandum,** filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

Alisan Martin

and by serving the following via first-class mail:

Robert Kohl, Inmate No. A0033410
Northumberland County Jail
670 Northumberland County Drive
Coal Township, PA 17866

February 28, 2025                         s/Helen A. Stolinas
                                          Helen A. Stolinas
                                          Pa ID # 66738
                                          The Mazza Law Group, P.C.
                                          2790 W. College Ave., Suite 800
                                          State College, PA 16801
                                          Phone: (814) 237-6255
                                          Fax: (814) 237-5752
                                          Email: stolinas@mazzalaw.com

                                          *Attorney for Defendant,*
                                          *Robert A. Kohl*